Gregory M. Saylin (#9648)
Michelle Quist (#13559)
Camila V. Moreno (#16709)
HOLLAND & HART LLP
222 South Main Street, Suite 2200
Salt Lake City, Utah 84101
Telephone: (801) 799-5800
*gmsaylin@hollandhart.com*
*mlquist@hollandhart.com*
*cvmoreno@hollandhart.com*

*Attorneys for Defendant USANA Health Sciences, Inc.*

---

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| **ARRIX, LLC**,<br><br>        Plaintiff,<br><br>v.<br><br>**USANA HEALTH SCIENCES, INC.**,<br><br>        Defendant. | **STIPULATED ATTORNEY PLANNING MEETING REPORT**<br><br>Case No. 2:22-cv-00313-JNP-DAO<br><br>District Judge Jill N. Parrish<br><br>Magistrate Judge Daphne A. Oberg |

1.    **PRELIMINARY MATTERS**:

   a.    Describe the nature of the claims and affirmative defenses: This is a civil action asserting a Lanham Act false advertising claim. The Court's jurisdiction is based on federal question jurisdiction.

   b.    This case has been assigned to a district judge.

   c.    The parties do not request an initial pretrial scheduling conference with the Court prior to the entry of the proposed Scheduling Order, filed concurrently herewith.

   d.    Pursuant to Rule 26(f) of the Federal Rules of Civil Procedure, Luke Hasskamp on behalf of Plaintiff, and Gregory Saylin and Camila Moreno on behalf of the Defendant have conferred and agreed regarding this report.

e.      The parties agree to exchange their Rule 26(a)(1) initial disclosures within 21 days after the filing of an answer to the complaint.

f.      Pursuant to Federal Rules of Civil Procedure 5(b)(2)(D), the parties agree to receive all items required to be served under Federal Rules of Civil Procedure 5(a) by either (i) notice of electronic filing, or (ii) email transmission. Such electronic service will constitute service and notice of entry as required by those rules. Any right to service by USPS mail is waived.

**2.**    **DISCOVERY PLAN**:  The parties jointly propose to the court the following discovery plan:

a.      Discovery is necessary on the following subjects: The parties anticipate that discovery will be necessary on all information relevant to either party's claim or defense and proportional to the needs of the case, including: the facts, elements, and defenses of Plaintiff's cause of action; damages that flowed from any acts or omissions of Defendant; and any affirmative defenses pled by Defendant.

b.      Discovery Phases:

Discovery will be conducted in two phases:

(1) general fact discovery;

(2) expert discovery.

c.      Designate the discovery methods to be used and the limitations to be imposed, with the parties reserving the right to seek additional discovery if needed.

      (1)    Oral Exam Depositions: 10 per side, each limited to a maximum of 7 hours.

      (2)    Interrogatories: 25 per side

               Admissions: 30 per side

               Requests for production of documents: 30 per side

      (3)    Other discovery methods: The parties anticipate using subpoenas to third parties as an additional discovery method. The parties further reserve their rights to pursue other discovery methods permitted by the Federal Rules of Evidence.

d.      Discovery of electronically stored information should be handled as follows: The parties shall preserve any electronic data that may be related to the claims and defenses in this matter. Electronically stored information, and all versions thereof, shall be produced in compliance with Rule 34 and shall be in PDFs with some

     notable exceptions (xls), for ease of use and reduced file sizes.  Different formats, including those compatible with document management systems, may be requested by the party seeking discovery.

    e.    The parties have agreed to an order regarding claims of privilege or protection as trial preparation material asserted after production, as follows: In accordance with the Standard Protective Order, the parties reserve the right to seek entry of an additional or supplemental stipulated protective order, regarding use of confidential and trade secret business information.

    f.    Last day to file written discovery: May 10, 2024

    g.    Close of fact discovery: August 9, 2024

**3.    AMENDMENT OF PLEADINGS AND ADDITION OF PARTIES**:

    a.    Any requests to amend the pleadings or join additional parties shall be made by April 12, 2024.

**4.    EXPERT REPORTS**:

    a.    The parties will disclose the subject matter and identity of their experts on:

    Party bearing burden of proof: June 14, 2024

    Counter Disclosures: September 6, 2024

    b.    Reports from experts under Rule 26(a)(2) will be submitted on:

    Party bearing burden of proof: October 11, 2023

    Counter Reports:  December 13, 2023

**5.    OTHER DEADLINES**:

    a.    Expert Discovery cutoff: February 14, 2025

    b.    Deadline for filing dispositive[1] or potentially dispositive motions including motions to exclude experts where expert testimony is required to prove the case: March 14, 2025

    c.    Deadline for filing partial or complete motions to exclude expert testimony: March 14, 2025

---

[1]Dispositive motions, if granted, resolve a claim or defense in the case; non-dispositive motions, if granted, affect the case but do not resolve a claim or defense.

**6.** **ADR/SETTLEMENT**:

*Use separate paragraphs/subparagraphs as necessary if the parties disagree.*

a.    The potential for resolution before trial is: currently unknown.

b.    This case should not be referred to the Court's alternative dispute resolution program.

c.    The parties plan to participate in private mediation prior to the close of fact discovery.

d.    The parties will re-evaluate the case for settlement/ADR resolution by: March 21, 2025.

**7.** **TRIAL AND PREPARATION FOR TRIAL:**

a.    The parties should have 21 days after service of final lists of witnesses and exhibits to list objections under Rule 26(a)(3).

b.    This case should be ready for trial by: May 27, 2025, or upon the resolution of dispositive motions, if any.

*Specify type of trial*:    Jury trial

The estimated length of the trial is: 5-7 days

*/s/ Luke Hasskamp*                                                     Date: 04/27/2023
Luke Hasskamp Plaintiff(s) Attorney


*/s/ Camila Moreno*                                                     Date: 04/27/2023
Camila Moreno Defendant(s) Attorney


21359039_v1

4